CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID PAUL JONES, ) | Civil Action No. 7:09-cv-00326 |
|    Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN, BKCC, ) | By: Hon. James C. Turk |
|    Respondent. ) | Senior United States District Judge |

David Paul Jones, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel, was denied due process, and the trial judge abused his discretion. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the motion to dismiss and dismisses the petition.

I.

Petitioner is detained pursuant to the December 21, 2006, judgment of the Circuit Court of Pittsylvania County following petitioner's jury trial. The trial court sentenced petitioner for attempted robbery in violation of Virginia Code §§ 18.2-26 and 18.2-58 to a nine-year term in prison. (Case No. CR06000438-00). In addition, petitioner entered an Alford plea on November 8, 2006, to 17 counts of a third offense larceny by bad check, in violation of Virginia Code §§ 18.2-181 and 18.2-104. For these charges, the trial court sentenced him to a 17 year term in prison, with all 17 years suspended. (Case Nos. CR06000541 – CR06000547). Finally, the trial court revoked four years of a previously suspended sentence for a third offense larceny by bad check conviction. (Case No. CR04000376). Therefore, the trial court cumulatively sentenced petitioner to 26 years in prison, with 17 years suspended, and 4 years for the previously

suspended sentence, totaling an active term of 13 years in prison.

Petitioner appealed his convictions to the Court of Appeals of Virginia, which denied the appeal on September 6, 2007, and denied his petition for rehearing on December 2, 2007. Jones v. Commonwealth, No. 0094-07-3 at 1 (Va. Ct. App. Sept. 6, 2007). Finally, Jones's second-tier appeal to the Supreme Court of Virginia was refused on May 16, 2008. Jones v. Commonwealth, No. 080137 at 1 (Va. Sup. Ct. May 16, 2008). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Pittsylvania County on November 3, 2008. The Circuit Court of Pittsylvania County dismissed the petition on the merits after finding some claims barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Jones v. Diggs, Warden, No. CL08000491-00 (Cir. Ct. Pittsylvania Co. (Dec. 30, 2008). Petitioner's appeal of that order was refused by the Supreme Court of Virginia on April 17, 2009, for failing to comply with the requirements of Rule 5:17(c). Jones v. Diggs, Warden, No. 090544 at 1 (Va. Sup. Ct. April 17, 2009). Petitioner subsequently filed this federal habeas petition in July 2009.

II.

A federal claim is procedurally defaulted where "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501

U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia refused petitioner's habeas appeal from the Circuit Court of Pittsylvania County because he failed "to comply with the requirements of Rule 5:17(c) because [the petition for appeal] does not list the specific error(s) in the lower court proceedings upon which the petitioner intends to rely." Jones v. Diggs, Warden, No. 090544 at 1 (Va. Sup. Ct. April 17, 2009). The Fourth Circuit Court of Appeals recognizes the procedural default of a claim under Virginia Supreme Court Rule 5:17(c) is based on an independent and adequate state procedural rule. Mueller v. Angelone, 181 F.3d 557, 583-84 (4th Cir. 1999). See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) (interpreting Va. Sup Ct. R. 5:21 which was substantially renumbered as Rules 5:17 and 5:25). Therefore, the Supreme Court of Virginia dismissed petitioner's appeal because of an an independent and adequate state procedural rule, and petitioner procedurally defaulted his habeas claims.

When a claim is procedurally defaulted, the court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722,

3

753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). The court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner argues that the court should excuse his procedural default because the Supreme Court of Virginia erred by stating that petitioner did not comply with Rule 5:17(c). Petitioner "still believes . . . that he was in compliance with all concerning rules, even . . . Rule 5:17(c)." (Petr.'s Resp. (docket #8) 4.) Petitioner also argues that his status as a prisoner proceeding pro se should excuse his procedural default. (Id.) The court finds these arguments insufficient to demonstrate cause. The fact that a petitioner is untrained in the law or unfamiliar with a court's procedural rules does not provide a basis for establishing cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668-69 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause). Therefore, the court holds that petitioner procedurally defaulted his habeas claims and does not demonstrate cause and prejudice to excuse his default. Accordingly, the court dismisses the petition.

III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 30th day of December, 2009.

*/s/ James C. Turk*
Senior United States District Judge